IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 27 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ACCEPTANCE INSURANCE COMPANY, § | | |
| PLAINTIFF § | | |
| § | | |
| VS. § | NO. B 00-CV-46 | |
| § | | |
| § | | |
| ISLA GATO CORPORATION D/B/A § | | |
| THE WAHOO SALOON § | JURY TRIAL DEMANDED | |
| DEFENDANTS § | | |

## AGREED ORDER AND JUDGMENT ON DECLARATORY JUDGMENT ACTION

On ___June 26___, 2000, this court considered the above-referenced and styled matter. Pursuant to an agreement of the parties, the court now renders judgment, and ORDERS and DECLARES the following:

1. That no coverage exists under ACCEPTANCE INSURANCE COMPANY policy no. CL15500337 issued to the ISLA GATO CORPORATION d/b/a the WAHOO SALOON for claims made and which form the basis of a lawsuit styled *Diane Spitler vs. Isla Gato Corporation*; Cause No. 99-08-3497-D; in the 103rd Judicial District Court of Cameron County, Texas, a copy of which is attached to this agreed order and judgment as exhibit "A" and which is incorporated in the judgment through this reference for all purposes;

2. That ACCEPTANCE INSURANCE COMPANY has no duty to provide a defense to ISLA GATO CORPORATION D/B/A THE WAHOO SALOON pursuant to ACCEPTANCE INSURANCE COMPANY policy no. CL15500337 for claims

-2-

made and which form the basis of and for that particular lawsuit styled *Diane Spitler vs. Isla Gato Corporation*; Cause No. 99-08-3497-D; in the 103rd Judicial District Court of Cameron County, Texas and which is attached to this order and judgment as Exhibit "A" and incorporated in the order and judgment through this reference for all purposes; and

3. That ACCEPTANCE INSURANCE COMPANY has no duty to provide any indemnity to ISLA GATO CORPORATION D/B/A THE WAHOO SALOON pursuant to ACCEPTANCE INSURANCE COMPANY policy no. CL15500337 for claims made and which form the basis of or for that particular lawsuit or any judgment, settlement or other compromise arising out of that particular lawsuit styled *Diane Spitler vs. Isla Gato Corporation*; Cause No. 99-08-3497-D; in the 103rd Judicial District Court of Cameron County, Texas and which is attached to this order and judgment as Exhibit "A" and incorporated in the order and judgment through this reference for all purposes.

All relief not expressly granted in this agreed order and judgment is DENIED.

_____
UNITED STATES DISTRICT COURT JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

BURCK, LAPIDUS & LANZA, P.C.

By: _____
GEORGE T. JACKSON
Texas Bar # : 10466950
Federal Bar # : 15072
5177 Richmond, Suite 850
Houston, Texas 77056
(713) 400-6000
(713) 622-8054 (Fax)

ATTORNEY FOR PLAINTIFF,
ACCEPTANCE INSURANCE COMPANY


ATLAS & HALL

By: _____
DAN K. WORTHINGTON
Texas Bar # : 00785282
Federal Bar # : 8287
818 Pecan - P.O. Box 3725
McAllen, Texas 78502
(956) 682-5501
(956) 686-6109 - fax

ATTORNEY FOR DEFENDANT,
ISLA GATO CORPORATION
D/B/A THE WAHOO SALOON

FILED 3:35 O'CLOCK P
AURORA DE LA GARZA DIST. CLER.

AUG 17 1999

DISTRICT COURT OF CAMERON COUNTY, TEXAS
CeC DEPUTY

NO. 99-08-3497-D

| | | |
|---|---|---|
| DIANE SPITLER | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 103rd JUDICIAL DISTRICT |
| | § | |
| ISLA GATO CORPORATION | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DIANE SPITLER, Plaintiff in the above-entitled and numbered cause, and complains of ISLA GATO CORPORATION. Plaintiff affirmatively pleads that discovery is intended to be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, and for cause of action would show the Court the following:

I.

Plaintiff DIANE SPITLER is an individual residing in Mayfield, Kentucky.

Defendant ISLA GATO CORPORATION is a Texas corporation, lawfully doing business in the State of Texas and may be served with process by serving its registered agent for service:

> Mr. William Henry McCullough
> 201 W. Pike
> South Padre Island, Texas 78597

Plaintiff requests that citation be prepared for the Defendant.



OCT 18 1999 P1

## II.

## VENUE AND JURISDICTION

Venue is proper in the District Courts of Cameron County, Texas pursuant to Texas Civil Practice and Remedies Code, Sections 15.002, and 15.035. The causes of action specified against the Defendant herein arose in full or in part in South Padre Island, Cameron County, Texas. The damages suffered by the Plaintiff herein were suffered in South Padre Island, Cameron County, Texas.

## III.

## FACTS

On or about March 26, 1998, Plaintiff was severely injured after becoming intoxicated at the Wahoo Saloon which is owned by the Defendant. At the time of the Plaintiff's accident, her BAC exceeded .28.

## IV.

## CAUSES OF ACTION

### A. Alcoholic Beverage Code

On the occasion in question, the Plaintiff's injuries and damages were caused by the Defendant's, its agents', servants' and/or employees' violation of §2.02 of the Texas Alcoholic Beverage Code in that the Plaintiff was provided, sold and/or served alcohol at a time when it was apparent to the Defendant, its agents, servants and/or employees that the Plaintiff was intoxicated to the extent that she presented a clear danger to herself.

OCT 1 8 1999 PLJ

Furthermore, the providing, selling and/or serving of the alcohol and the Plaintiff's intoxication was the proximate cause of the Plaintiff's injuries and damages.

### B. Common Law Negligence

In the alternative and separate and apart from the Defendant's violation of §2.02 above, the Defendant and/or its agents, servants and employees were negligent subsequent to their providing, selling and/or serving alcohol to the Plaintiff in that the Defendant and/or its agents, servants and employees voluntarily undertook and assumed the duty to prevent the Plaintiff from using her bicycle, and subsequently failed to act as a reasonable, prudent person under the same or similar circumstances. Such failure was also the proximate cause of the Plaintiff's injuries and damages.

### C. Respondent Superior

Plaintiff asserts that at all times relevant, all persons who provided, sold and/or served the Plaintiff alcohol were acting in the course and scope of their employment with Defendant ISLA GATO CORPORATION. Plaintiff also asserts that at all times relevant, all persons who voluntarily undertook and assumed the duty to prevent the Plaintiff from using her bicycle were acting in the course and scope of their employment with Defendant ISLA GATO CORPORATION.

## V.

## DAMAGES

The negligent acts and/or omissions described above are and were a producing and/or proximate cause of the damages to Plaintiff. The Plaintiff seeks recovery from the Defendants, jointly and severally, for the following elements of damages:

1. Reasonable and necessary medical expenses in the past and in the future;

2. Physical pain in the past and future;

3. Mental anguish in the past and future;

4. Physical impairment in the past and future;

5. Lost wages in the past and future loss of earning capacity.

For the claims and causes of action asserted herein, Plaintiff seeks recovery of actual damages within the jurisdictional limits of this court as well as prejudgment interest and postjudgment interest at the legal rate.

## VI.

## Exemplary Damages

At the time of the incident in question, the Defendant's and/or its agents', servants' and/or employees' acts and/or omissions, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. In addition, the Defendant, its agents, servants and/or employees had actual, subjective awareness of the risk involved, but proceeded with conscious indifference to the rights, safety and/or welfare of the Plaintiff.

For the reasons set forth above, the Plaintiff is entitled to recover an additional sum as exemplary damages in an amount to be determined by the jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and that upon final hearing hereof, Plaintiff recovers from the Defendants, jointly and severally, as follows:

1. Judgment against Defendants for actual damages in an amount within the jurisdictional limits of the Court;

2. Pre-judgment interest at the legal rate until judgment;

3. Exemplary damages;

4. Taxable court costs; and

5. Such other and further relief to which Plaintiff may be justly entitled at law and in equity.

Respectfully submitted,

LANE, GANNON & TALIAFERRO, L.L.P.
8620 N. New Braunfels, Suite 310
San Antonio, Texas 78217
Telephone: (210) 829-1545
Telecopier: (210) 829-1633

By: _____
BRENT A. BIGGS
State Bar No. 02311500

ATTORNEYS FOR PLAINTIFF
DIANE SPITLER